Mrs. Catherine Geraci, widow of Frank Romano, on April 9, 1945, agreed to sell the premises No. 2001-03 Royal Street to Clyde Lasley, for the sum of $5,500, the act of sale to be passed on or before June 9, 1945. The sale was not consummated, however, until more than three months thereafter or, on September 20, 1945. The delay was caused by Mrs. Romano's failure to perfect her title to the property which belonged to the community which had existed between herself and her late husband, whose succession had not been opened. Prior to the passage of the act of sale Lasley obtained possession of the property, the exact date of his taking possession being in dispute. Based upon his occupancy, Mrs. Romano brought this suit for rent in the sum of $289.15. It is not pretended that there was any agreement to pay rent, but it is insisted that defendant owes it upon a quantum meruit.
On the other hand, defendant contends that he bought the Romano property for the purpose of establishing a business, to-wit: a barroom, and that he would have withdrawn from his agreement but for the fact that Mrs. Romano permitted him to occupy the premises for a short while prior to the passage of the sale, which occurred on September 20, 1945.
There was judgment below dismissing plaintiff's suit and she has appealed.
In oral argument and in brief plaintiff's counsel strenuously contends that the answer of defendant to paragraphs 3 and 4 of plaintiff's petition amounted to an admission of her demand in view of the provisions of the Pleading and Practice Act (No. 27 of 1926). The paragraphs of the petition and the answer are too lengthy to be repeated here, suffice it to say that there is nothing in those two paragraphs of the petition which asserts that defendant agreed to pay or owed plaintiff any rent. Paragraph 5 of the petition which alleges that defendant is indebted to plaintiff for rent is specifically denied by defendant in his answer. Defendant insists, both in his answer and in brief, that the occupancy of the premises was permitted because of the delay of Mrs. Romano in transferring the property.
Whiney B. Webre, the real estate agent of Mrs. Romano, corroborates defendant concerning his insistence upon the completion of the act of sale and impatience at the delay, and testified that he obtained the keys to the premises for Lasley from Mrs. Romano.
Considering the fact that the delay in completing the transaction was due entirely to Mrs. Romano's fault, it was only natural for her to make the concession defendant claims she did in order to consummate the sale of her property. At any rate, there is no proof of any agreement to pay rent and no mention of the subject until after the act of sale was passed. It is hardly probable that plaintiff would have deferred pressing her claim for rent until after the *Page 474 
sale if there had been any intention on her part to charge for rent or any implied understanding to that effect.
Under the circumstances we see no reason to disturb the finding of the trial judge, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.